NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1119
_____

DANIEL TILLI,

Appellant

v.

MANORCARE HEALTH SERVICES; PATRICIA STAHR;
MR. GNANAPRAKASH GOPAL; HEARTLAND HOSPICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-10-cv-06887)
District Judge: Honorable Legrome D. Davis
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2011

Before: SLOVITER, JORDAN and GREENAWAY, Jr., Circuit Judges

(Opinion filed: March 23, 2011)
_____

OPINION
_____

PER CURIAM

Daniel Tilli appeals pro se from the District Court's order dismissing his

complaint for lack of subject matter jurisdiction. We will affirm.

1

Tilli alleges that the defendants caused the death of Marie Rose Altieri, whom he refers to as his "loved one," by failing to provide her with medication, food and water while she was staying in a hospice nursing home. In his pro se complaint, he invoked federal question jurisdiction under 28 U.S.C. § 1331 and claimed that defendants violated his and Mrs. Altieri's rights under the Eighth Amendment and the "Persons With Disabilities Act," by which he appears to have meant the Americans With Disabilities Act. As relief, he sought monetary damages for the benefit of Mrs. Altieri's grandchildren. The District Court raised the issue of subject matter jurisdiction sua sponte and directed Tilli to brief it. Tilli repeated his allegations in his brief, and also asserted that the District Court had diversity jurisdiction under 28 U.S.C. § 1332. The District Court rejected Tilli's arguments and dismissed his complaint for lack of jurisdiction by order entered December 20, 2010.

Tilli appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and "[w]e review a district court's determination of its own subject matter jurisdiction de novo." Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010).[1] The District Court properly raised the issue of its subject matter jurisdiction sua sponte, and we agree that it lacked jurisdiction for the reasons it already has adequately explained. In particular, the District Court properly concluded that Tilli had not stated any colorable federal claim, see

---

[1] The day before Tilli filed his notice of appeal, he filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, which the District Court denied. Tilli did not file a second or amended notice of appeal, so the District

2

<u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 & n.10 (2006), and had not shown complete diversity of the parties. Tilli raised nothing in his jurisdictional response suggesting that he could cure these defects by amending his complaint.[2]

On appeal, Tilli relies on the United States Supreme Court's recent ruling in <u>Thompson v. North American Stainless, LP</u>, 131 S. Ct. 863 (2011), that the plaintiff stated a Title VII claim on the basis of retaliation for the protected conduct of his fiancée. Tilli has not asserted anything resembling a Title VII claim. Tilli also argues that the District Judge was biased against pro se litigants and improperly referred to two of his previous lawsuits. But Tilli himself attached the docket sheets for those suits to his complaint, and the District Court referenced them merely by way of construing his pro se filing. There is no basis for Tilli's allegation of bias.

Accordingly, we will affirm the judgment of the District Court.

---

Court's denial of his Rule 59(e) motion is not before us. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii); <u>Carrascosa v. McGuire</u>, 520 F.3d 249, 253 (3d Cir. 2008).

[2] In his Rule 59(e) motion, Tilli asserted that the (previously unnamed) Chief Executive Officer of Manorcare Health Services is the "real" defendant and that he had named Pennsylvania resident employees "in error." We cannot consider arguments raised for the first time in Tilli's Rule 59(e) motion because he did not appeal its denial. <u>See</u> <u>Carrascosa</u>, 520 F.3d at 253-54