BLD-235                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4399
_____

DANIEL TILLI,

                                        Appellant

v.

WILLIAM FORD, individually; ANDREA E.
NAUGLE, individually; COUNTY OF LEHIGH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-13-cv-04435)
District Judge:  Honorable Robert F. Kelly
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: May 6, 2014)
_____

OPINION
_____

PER CURIAM

        Daniel Tilli appeals pro se from the District Court's order dismissing his

complaint.  We will dismiss this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

        Tilli filed a prior federal suit against a nursing home and various other defendants.

The District Court dismissed that complaint for lack of subject matter jurisdiction, and we affirmed. See Tilli v. Manorcare Health Servs., 419 F. App'x 152, 154 (3d Cir. 2011). Tilli later pursued his claims in the Pennsylvania Court of Common Pleas for Lehigh County, and the federal suit at issue here arises from that litigation. In his federal complaint, Tilli named as defendants Lehigh County, the Honorable William E. Ford, and Andrea E. Naugle, Lehigh County's Clerk of Judicial Records. Tilli alleges that Judge Ford retaliated against him for requesting recusal by dismissing his complaint and that Naugle and Judge Ford conspired to deprive him of a default judgment. Tilli requested monetary damages or, in the alternative, that the District Court "grant the default judgment" in his state-court case.

On defendants' motions to dismiss, the District Court dismissed Tilli's complaint. The District Court determined that it lacked jurisdiction under the Rooker-Feldman doctrine to the extent that Tilli asked it to "grant" a default judgment in the state-court action, but not otherwise. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). The District Court also determined that Tilli failed to state valid claims for retaliation and conspiracy against Judge Ford and Naugle because those claims are barred by judicial and quasi-judicial immunity, see Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009), and that Tilli's conclusory complaint fails to state a plausible claim in any event. The District Court further concluded that Tilli failed to state a claim against Lehigh County because it is not the "employer" of the elected individual defendants and, even if it were, there is no respondeat superior liability

2

in civil rights actions under 42 U.S.C. §§ 1983 and 1985.  See Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Finally, the District Court concluded that dismissal with prejudice was appropriate because the deficiencies on which it relied cannot be cured by amendment.  See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013).

Tilli appeals pro se and, having granted him leave to proceed in forma pauperis, we must determine whether this appeal is frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  There is no arguable basis to challenge the District Court's rulings in this case for the reasons that it thoroughly and adequately explained.  Tilli argues, as he did in the prior appeal referenced above, that the District Court displayed bias by mentioning his extensive history of frequently frivolous pro se litigation, including his history of suing judges who have ruled against him in the past. Once again, however, we see no basis for Tilli's claim of bias and no other arguable basis to challenge the District Court's dismissal of his complaint.  Accordingly, we will dismiss this appeal as frivolous pursuant to § 1915(e)(2)(B)(i).